UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TIMOTHY TOWNSEND, JR.,                    :
      Plaintiff,                           :
                                   :
      v.                                   :    Case No. 3:17-cv-900(SRU)
                                   :
CORRECTION OFFICER MUCKLE, ET AL., :
Defendants.                               :

## <u>INITIAL REVIEW ORDER</u>

Timothy Townsend, Jr. ("Townsend"), currently incarcerated at Osborn Correctional

Institution ("Osborn"), has filed a civil rights complaint against thirty-eight employees of the State of

Connecticut Department of Correction. The defendants are identified as: Commissioner Scott

Semple; Deputy Commissioners Monica Rinaldi and Cheryl Cepelak; District Administrators Angel

Quiros and Peter Murphy; Wardens Edward Maldanado and Santiago; Deputy Wardens Wright,

Rodriguez, Zagerzuski, and Martin; Captains Shabeanias, Chapdelaine, Colon, Griffin, and Doghrety;

Lieutenants Stadalnik, Conger, Ballaro, Richardson, Congolos, Cronin, and Rangel; Correctional

Officers Muckle, Sweet, Kudzul, Wales, Nemeth, Sheffield, Pellitier, Pearson, Terranova, Duquette,

Gottlieb, Rodriguez-Jiminez, and Lorenzen; and Correctional Emergency Response Team Lead

Supervisor Dowles. For the reasons set forth below, the complaint is dismissed with leave to amend.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of

the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted,

or that seeks monetary relief from a defendant who is immune from such relief. Although detailed

allegations are not required, the complaint must include sufficient facts to afford the defendants fair

notice of the claims and grounds upon which they are based and to demonstrate a plausible right to

relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not

sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face". *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest'." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Townsend has divided his complaint into three sets of facts. The first set of facts pertains to an assault on Townsend by Correctional Officer Wales on January 21, 2015, at Corrigan-Radgowski Correctional Institution ("Corrigan"). In connection with the assault, Townsend claims that Officers Wales and Rangel neglected to report the incident and that other defendants did not investigate the incident and prepared an inaccurate incident report, that Officer Lorenzen issued him a false and retaliatory disciplinary report for threats, that Lieutenant Congolos and Administrators Quiros and Murphy failed to provide him with due process in connection with the disciplinary hearing, and that other prison officials would not permit him to call the Connecticut State Police to report the assault.

The second set of facts pertains to an incident that occurred at Osborn on February 23, 2017 involving a mock drill by armed members of the Correctional Emergency Response Team which involved Townsend and other inmates in his housing unit. Townsend alleges that no notice was given prior to the mock drill, that he was threatened by Officer Muckle at gunpoint during the drill, and that prison officials refused to permit him to call or file a complaint with the Connecticut State Police after the mock drill.

The third set of facts includes incidents that occurred at different facilities during three

separate time periods.  The facts pertain to Townsend's confinement at Osborn in December 2015, his confinement at Corrigan from April 14, 2016 to May 4, 2016, and his confinement at Enfield Correctional Institution ("Enfield") from May 4, 2016 to October 17, 2016.

During the time period that Townsend spent at Osborn in December 2015, an officer allegedly issued him a false and retaliatory disciplinary report for assaulting another inmate.  Townsend claims that Lieutenant Congolos and Administrator Quiros denied him due process in connection with the disposition of the disciplinary report.

During the time period that Townsend spent at Corrigan in 2016, he claims that he was involved in incidents that give rise to multiple types of constitutional claims.  Those incidents included the confiscation and destruction of personal property, the denial of clean clothing and hygiene items, the issuance of a false and retaliatory disciplinary report, the denial of due process in connection with the disciplinary report, threats of meal contamination during confinement in the restrictive housing unit, and a retaliatory transfer to another facility from Corrigan.  Townsend also contends that his transfer from another facility to Corrigan on April 14, 2016 was retaliatory.

During the time period that Townsend was confined at Enfield in 2016, he claims that Officers Gottlieb and Rodriguez-Jiminez violated his procedural due process rights in connection with a hearing held to dispose of a false and retaliatory disciplinary report issued by Officer Sweet at Corrigan.   In addition, Lieutenant Stadalnik and Officers Muckle, Sweet, and Kudzul refused to provide Townsend with his legal materials and other non-legal personal property which were supposed to have been sent by them to Enfield at the time of his transfer from Corrigan in May 2016.

Townsend contends that the defendants violated his First, Eighth, and Fourteenth Amendment rights and article I, sections 4, 5, 10, 14, and 20 of the Connecticut Constitution.  He seeks punitive

and compensatory damages and unspecified declaratory and injunctive relief.

The complaint is defective because it does not comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise and direct". The purpose of Rule 8 is "to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery". *Ricciutti v. New York Trans. Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). In addition, "the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (citation and quotation omitted). A plaintiff's statement of his or her claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

When a litigant does not comply with Rule 8, the court may strike any portion of the complaint that is redundant or immaterial pursuant to Rule 12(f). Alternatively, it may dismiss the complaint in its entirety in those cases "in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised". *Salahuddin*, 861 F.2d at 42. In *Salahuddin* for example, the Second Circuit, found "no doubt" that plaintiff's complaint, which "span[ned] 15 single-spaced pages and contain[ed] explicit descriptions of 20-odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights", failed to comply with

4

Rule 8's requirement of a "short and plain statement".  *Id.* at 43.  Accordingly, the Court stated that "the district court was within the bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8."  *Id.*

In this case, Townsend's complaint is neither "short and plain" nor "simple".  As indicated above, Townsend has named thirty-eight defendants.  The complaint consists of 328 paragraphs spanning seventy-one, single-spaced, typewritten pages, and includes at least eight different federal claims and five different state law claims.  It refers to incidents that occurred at three different correctional facilities over a two-year period.

The multiple claims included in the complaint involve allegations of excessive force, failure to protect from harm, denial of due process in connection with disciplinary hearings, retaliation, denial of access to courts, improper retention of and destruction of property, deliberate indifference to safety, and unconstitutional conditions of confinement.   In addition, Townsend has included allegations that the defendants violated his rights under the Connecticut Constitution.  These federal and state law claims asserted against thirty-eight correctional employees are not all related to each other.  Thus, the complaint also fails to meet the requirements of Rule 20 governing party joinder.

Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (b) "any questions of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis."  *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).  As the Second Circuit has observed in the

Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claims depends upon the logical relationship between the claims and whether "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The multiple claims in Townsend's complaint are unrelated and involve different individuals. Furthermore, the incidents from which the claims arise occurred at different correctional facilities within Connecticut over a two-year period. Because these different claims do not "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences", the complaint also fails to comply with Rule 20. Fed. R. Civ. P. 20(a)(2). The complaint is thus dismissed for failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.

The Second Circuit has expressed a preference for adjudicating cases on their merits. *See, e.g.*, *Saluhuddin*, 861 F.2d at 42-43. Accordingly, I will permit Townsend leave to file an amended complaint or complaints that meet the pleading and joinder requirements of the Federal Rules of Civil Procedure.

**It is hereby ordered that:**

The complaint (doc. # 1), is **DISMISSED** without prejudice for failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. The plaintiff is hereby directed to file an amended complaint or complaints that comply with Rules 8 and 20 of the Federal Rules of Civil Procedure.

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1653 (3d ed.).

**The Clerk shall send the plaintiff three complaint forms and a copy of the complaint (doc. # 1) with this order.**

As described above, the complaint includes the following six claims or sets of related claims:

**a.      Claims relating to the assault on Townsend by Correctional Officer Wales on January 21, 2015, at Corrigan, including the failure to report the incident, to investigate the incident, and to accurately document the incident; the issuance of a false and retaliatory disciplinary report for threats; the denial of due process in connection with the disciplinary hearing; and the refusal to permit Townsend to contact the Connecticut State Police to report the assault;**

**b.      claims relating to the time period that Townsend spent at Osborn in December 2015, including the issuance of a false and retaliatory disciplinary report for assaulting another inmate and the denial of due process in connection with the disposition of the disciplinary report;**

**c.      claims relating to the time period that Townsend spent at Corrigan from April 14, 2016 to April 21, 2016, including the lack of consideration for his safety in transferring him from Osborn to Corrigan, where he had previously been assaulted; the retaliatory basis for the transfer; the confiscation and destruction of his personal property; the denial of clean clothing and hygiene items; the issuance of a false and retaliatory disciplinary report; and the denial of due process in connection with the disciplinary report;**

**d.      claims relating to the time period that Townsend spent at Corrigan from April 22, 2016 to May 4, 2016, including his transfer to the restrictive housing unit in order to consider his placement on protective custody status; the denial of clean clothing and hygiene**

items and the threats of meal contamination during confinement in the restrictive housing unit; and the retaliatory basis for the transfer to Enfield from Corrigan on May 4, 2016;

      e.      **claims relating to the time period that Townsend was confined at Enfield from May 4, 2016 to October 17, 2016, including the denial of due process by Officers Gottlieb and Rodriguez-Jiminez in connection with a hearing held to dispose of a false and retaliatory disciplinary report issued by Officer Sweet at Corrigan and the refusal of Lieutenant Stadalnik and Officers Muckle, Sweet and Kudzul to provide Townsend with his legal materials and other non-legal personal property which were supposed to have been sent to Enfield from Corrigan; and**

      f.      **claims relating to the incident that occurred at Osborn on February 23, 2017, involving a mock drill by armed members of the Correctional Emergency Response Team, which involved Townsend and inmates in his housing unit, including the fact that no notice was given prior to the mock drill; the threat made against Townsend by Officer Muckle while holding a gun; and the refusal of prison officials to permit Townsend to call or file a complaint with the Connecticut State Police regarding the mock drill.**

The amended complaint should ONLY include one of the six claims or sets of related claims described above. The plaintiff may pursue any claim or set of claims that he does not include in the amended complaint in a separate lawsuit.

The plaintiff shall clearly and concisely state his claim or related claims and the dates on which each incident occurred, refer to each defendant by first and last name or first initial of the first name and the last name, and explain how each defendant was involved in the incident, claim, or claims. If the amended complaint fails to comply with the instructions in this order or the amended

complaint form or the requirements of Rules 8 and 20 of the Federal Rules of Civil Procedure, it will be subject to dismissal with prejudice.

The amended complaint will be due in thirty (30) days.   If the plaintiff chooses not to file an amended complaint, the clerk is directed to enter judgment for the defendants and close this case.

So ordered.

Dated at Bridgeport, Connecticut this 21st day of November, 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
