UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TIMOTHY TOWNSEND, JR.,          :
    Plaintiff,                  :
                                :
v.                              :   Case No. 3:17-cv-900 (SRU)
                                :
MUCKLE, et al.,                 :
    Defendants.                 :

## RULING ON PENDING MOTIONS

On December 12, 2017, Timothy Townsend, Jr., an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed an amended civil rights complaint *pro se* under 42 U.S.C. § 1983 against nine Connecticut Department of Correction ("DOC") officials in their individual capacities claiming violations of his constitutional and state law rights. Am. Compl., Doc. No. 10. The nine defendants are Correction Officer Wales, Lieutenant Congelos, Captain Dougherty, Correction Officer Joshua Lorenzen, Correction Officer John Doe 1, Correction Officer John Doe 2, Lieutenant Santiago Rangel, Correction Officer "Steven" Nemeth, and District Administrator Angel Quiros. I permitted his Eighth Amendment claims for excessive force and deliberate indifference to safety to proceed against Wales, Doe 1, and Doe 2 and his state law assault and battery claim to proceed against Wales. Review of Am. Compl., Doc. No. 13 at 18. I also permitted Townsend's First Amendment retaliation claim to proceed against Lorenzen, his state law due process claim to proceed against Nemeth and Congelos, and his spoliation claim to proceed against Dougherty. *Id.* The following motions are pending in this case:

    Motion for Subpoena of Information, Doc. No. 20
    Motion for Prejudgment Remedy, Doc. No. 21
    Motion for Misjoinder of Defendant Muckle, Doc. No. 22
    Motions for Default Entry, Doc. Nos. 23, 25, 38
    Second Motion for Extension of Time to Identify Doe Defendants, Doc. No. 35

Motion to Compel Discovery, Doc. No. 37
Motion for Preliminary Injunction, Doc. No. 42

I will address each motion in turn.

I. Request for Subpoena of Information (Doc. No. 20)

Townsend first requests that Commissioner Semple disclose the full names and home addresses of the defendants in this case. Commissioner Semple is not a defendant to this action, and Townsend is suing the defendants, Wales, Doe 1, Doe 2, Lorenzen, Nemeth, Congelos, and Dougherty, only in their individual capacities. Moreover, counsel has since appeared on behalf of all named defendants in this case. *See* Notices of Appearance, Doc. Nos. 26, 32. Therefore, the motion for subpoena of information (doc. no. 20) is **DENIED**.

II. Motion for Prejudgment Remedy (Doc. No. 21)

On December 6, Townsend filed a motion for a prejudgment remedy in the amount of $50,000 from each identified defendant in this action, claiming that "there is probable cause that a judgment will be rendered in [his] favor," and a motion for the defendants to disclose their assets. Appl. for Prejudgment Remedy/Mot. to Disclose, Doc. No. 21. I do not agree with Townsend that such probable cause exists.

"[A] prejudgment remedy is 'intended to secure the satisfaction of a judgment should the plaintiff prevail.'" *Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d 418, 420 (D. Conn. 2013) (quoting *Cendant Corp. v. Shelton*, 2007 WL 1245310, at *2 (D. Conn. Apr. 30, 2007)). Federal Rule of Civil Procedure 64 authorizes a plaintiff to use the state prejudgment remedies available to him to secure a judgment. *Id.* Pursuant to Connecticut General Statutes § 52-278d(a), a prejudgment remedy is appropriate:

> [i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the [movant] has shown probable cause that such a judgment will be rendered in the matter in the [movant's] favor in the amount of the prejudgment remedy sought. . . .

Probable cause is a "bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Roberts*, 950 F. Supp. at 421 (quoting *Walpole Woodworkers, Inc. v. Atlas Fencing, Inc*., 218 F. Supp. 2d 247, 249 (D. Conn. 2002)).

The record in this case, which consists only of an amended complaint, is insufficient for me to determine whether any prejudgment remedy is warranted. Townsend has not shown probable cause that a judgment will likely enter in his favor. Therefore, his motion for prejudgment remedy and motion for disclosure of assets (doc. no. 21) is **DENIED**.

III. Motion for Misjoinder (Doc. No. 22)

Townsend requests that Correction Officer Muckle be terminated as a defendant to this action. I have already terminated Muckle as a defendant. Therefore, the "Motion for Misjoinder" (doc. no. 22) is **DENIED as moot**.

IV. Motions for Entry of Default (Doc. Nos. 23, 25, 38)

Townsend has filed three motions for an entry of default against defendants Lorenzen, Dougherty, and Wales for their failure to respond to the amended complaint. Because counsel for those defendants has recently appeared in this case, the motions for default (doc. nos. 23, 25, 28) are **DENIED without prejudice.** The defendants are directed to respond to the amended complaint within twenty-one (21) days from the date of this Order. Townsend may refile a motion for default entry and if those defendants do not respond within the allotted time.

V. Motion for Extension of Time to Identify Doe Defendants (Doc. No. 35)

On March 25, 2019, Townsend filed his second motion for extension of time to identify defendants John Doe 1 and John Doe 2. He contends that he has requested discovery from the named defendants which he believes will reveal the identities of Doe 1 and Doe 2. I have already permitted Townsend four months to conduct discovery and identify the Doe defendants. *See* Review of Am. Compl. at 18; Order No. 27. However, now that counsel has appeared on behalf of the named defendants, the motion for extension of time is **GRANTED**. The parties are directed to conduct discovery and file a notice indicating their efforts to identify Doe 1 and Doe 2, the two officers who were present with Officer Wales during Townsend's cell extraction on January 21, 2015. If neither party is able to identify the Doe defendants within sixty (60) days from the date of this Order, Doe 1 and Doe 2 will be dismissed as defendants to this action.

VI. Motion to Compel Discovery (Doc. No. 37)

On March 28, 2019, Townsend filed a motion to compel the defendants to respond to several requests for discovery. Although he acknowledges that the defendants provided him with some of the requested information, he argues that their response did not include all of the requested discovery items.

Now that counsel has appeared on behalf of the defendants, the parties are encouraged to discuss the discovery requests in an effort to narrow the areas of dispute. If the event that the parties are unable to resolve their issues, they shall file a notice of remaining issues within thirty days. Thereafter, the court will take up any unresolved issues. Accordingly, Townsend's motion to compel (doc. no. 37) is **taken under advisement**.

VII. Motion for Preliminary Injunction (Doc. No. 42)

Finally, Townsend seeks a motion for a preliminary injunction prohibiting the defendants from tampering with his legal property. He contends that the defendants continued to transfer him to and from various DOC facilities and "steal" his property during those transfers. Because the defendants have not yet filed their response to the amended complaint in this case, I will direct them to respond to Townsend's motion for preliminary injunction in addition to responding to the allegations in the amended complaint.

**ORDERS**

(1) The "Request for Subpoena of Information," motion for prejudgment remedy, and motion for misjoinder (doc. nos. 20, 21, 22) are **DENIED**. The motions for entry of default, (doc. nos. 23, 25, 38) are **DENIED without prejudice**. The motion for extension of time to identify the Doe defendants, (doc. no. 35) is **GRANTED**. The motion to compel discovery (doc. no. 37) will be taken up, if necessary, following the parties' negotiations and the filing of a notice of unresolved issues.

(2) Defendants Wales, Lorenzen, Dougherty, Nemeth, and Congelos are hereby ordered to file their response to the amended complaint (doc. no. 10), either an answer or motion to dismiss, within twenty-one (21) days from the date of this Order. The defendants also must file their response to Townsend's motion for preliminary injunction (doc. no. 42) by the same date. Townsend may refile his motion for entry of default if the defendants do not comply with this Order.

(3) Within sixty (60) days from the date of this Order, both parties must file a notice

with the true identities of defendants John Doe 1 and John Doe 2. If either party is unable to identify Does 1 and 2, they should indicate the efforts to do so on their written notice. If neither party is able to identify Does 1 and 2 within sixty (60) days from the date of this Order, those officials will be dismissed as defendants to this action. No further extensions of time to identify these officials will be granted.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of May 2019.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge