# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TIMOTHY TOWNSEND, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:17-cv-900 (SRU) |
| : | |
| MUCKLE, et al., : | |
|     Defendants. : | |

## RULING ON PENDING MOTIONS

On December 12, 2017, the plaintiff, Timothy Townsend, Jr., an inmate currently confined at the Carl Robinson Correctional Institution ("CRCI") in Enfield, Connecticut, filed an amended civil rights complaint *pro se* under 42 U.S.C. § 1983 against nine Connecticut Department of Correction ("DOC") officials in their individual capacities: Correction Officer Steve Wales, Lieutenant Marc Congelos, Captain Daniel Dougherty, Correction Officer Joshua Lorenzen, Correction Officer John Doe 1, Correction Officer John Doe 2, Lieutenant Santiago Rangel, Correction Officer Jason Nemeth, and District Administrator Angel Quiros. Am. Compl., Doc. No. 10. I permitted his Eighth Amendment claims for excessive force and deliberate indifference to safety to proceed against Wales, Doe 1, and Doe 2 and his state law assault and battery claim to proceed against Wales based on allegations regarding an assault that occurred at the Corrigan-Radgowski Correctional Institution ("Corrigan") on January 21, 2015. Review of Am. Compl., Doc. No. 13, at 18. I also permitted Townsend's First Amendment retaliation claim to proceed against Lorenzen, his state law due process claim to proceed against Nemeth and Congelos, and his spoliation claim to proceed against Dougherty. *Id.* The following motions are pending in this case:

    Motion to Compel Discovery, Doc. No. 37;

    Motion for Temporary Restraining Order, Doc. No. 42;

Motion for Extension of Time to File Response to Motion for Temporary Restraining Order, Doc. No. 56;

Motion to Add Affidavit to Defendants' Objection, Doc. No. 59;

Motion for Default Judgment, Doc. No. 60; and

Motion to Substitute Affidavit, Doc. No. 61.

I. <u>Motion to Compel Discovery, Doc. No. 37</u>

On March 28, 2019, Townsend filed a motion to compel the defendants to produce twenty-three requested discovery items. Mot. to Compel, Doc. No. 37. He claims that the defendants have provided "a stack of documents that are not separated by production request number [and] over four-hundred pages of [un]related medical records," thereby burdening him with the task of sifting through all of the records to determine whether they comply with his requests. *Id.* at 1. Townsend's requests included the "Log Book" of correction staff working at Corrigan on January 21, 2015, video footage, statements and recordings related to the events in question, e-mail exchanges between the defendants and other DOC personnel, the names of the John Doe defendants, and cell phone and social media account information for the defendants. *Id.* at 15-17.

The defendants submitted an initial objection to Townsend's motion the same day, contending that their disclosures "include[d] all the materials which [Townsend] will need to try his case." Defs.' Obj. to Pl.'s Mot. for Order of Compliance ("Defs.' First Obj."), Doc. No. 40; Defs.' Initial Disclosures, Doc. No. 41. Included among those disclosures was a list of all staff members who were working in the area where the alleged assault took place, which the defendants argued would assist Townsend in identifying the Doe defendants. Defs.' First Obj. at

1; Defs.' Initial Disclosures at 1. In the same written correspondence, the defendants requested discovery from Townsend, including the names of witnesses he wished to present, a damages analysis statement, an explanation of any non-monetary relief sought, and copies of any grievances or complaints in his possession related to the events in question. Defs.' Initial Disclosures at 3.

On May 10, 2019, I issued orders on several pending discovery motions but took the instant motion under advisement because counsel had only recently appeared on the defendants' behalf. Ruling on Pending Motions, Doc. No. 47. I encouraged both parties to discuss any remaining unresolved discovery issues in an effort to narrow those in dispute. *Id.* at 4.

On August 10, 2019, the defendants filed a second objection to Townsend's motion to compel. Defs.' Second Obj. to Pl.'s Mot. for Order of Compliance ("Defs.' Second Obj."), Doc. No. 58. The defendants contend that they have compiled additional discovery materials for Townsend, which were mailed on August 13, 2019. *Id.* at 2. To the extent Townsend still needs additional discovery, the defendants have indicated their willingness to confer with him in an attempt to resolve any issues. *Id.* Townsend has not replied to the second objection.

In light of the defendants' recent indication that they have provided Townsend with additional discovery, Townsend's motion is **DENIED without prejudice** and discovery is extended for forty-five days. To the extent Townsend still requires discovery from the defendants, he must confer with defense counsel and attempt to achieve a mutually satisfactory resolution, pursuant to District of Connecticut Local Rule 37(a). In the event a resolution is not reached, Townsed may refile his motion to compel and attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issue with defense counsel. *See id.*

The motion must also include a memorandum explaining why the discovery sought is relevant to the claims raised in the amended complaint. *See* D. Conn. Local R. Civ. P. 37(b)(1).

II. Motion for Default Judgment, Doc. No. 60

On August 12, 2019, Townsend filed a motion for default judgment against the defendants for their failure to comply with his discovery requests. Mot. for Default J. In light of the defendants' statement that they sent him additional discovery materials on August 13, 2019, the motion for default judgment is **DENIED as moot**.

III. Motion for Extension of Time, Motion to Add Affidavit, and Motion to Substitute Affidavit, Doc. Nos. 56, 59, 61

On August 7, 2019, the defendants filed a motion for extension of time to respond to Townsend's motion for a temporary restraining order. Mot. for Extension of Time, Doc. No. 56. The defendants filed their response three days later on August 10, 2019. Defs.' Obj. to Pl.'s Mot. to Show Cause for TRO and Prelim. Inj. ("Defs.' Obj. to TRO"), Doc. No. 57. The motion for extension of time is **GRANTED nunc pro tunc.**

The defendants have also filed motions to supplement their response with the affidavit of Officer Lorenzen and a replacement affidavit of Property Officer Raun Kudzul. Mot. to Add Aff. of CO Lorenzen, Doc. No. 59; Defs.' Mot. for Misc. Relief, Doc. No. 61. Those motions are **GRANTED**.

IV. Motion for Temporary Restraining Order, Doc. No. 42

On April 5, 2019, Townsend filed a motion seeking a temporary restraining order prohibiting the defendants "from tampering with and spoliating [his] litigation evidence and other property." Mot. for TRO, Doc. No. 42. He claims that the defendants, through their agents, are continuously transferring him to and from DOC facilities in an effort to lose or

4

destroy evidence relevant to this case. Specifically, he alleges that DOC personnel transferred him from the MacDougall-Walker Correctional Institution ("MWCI") to Corrigan on March 13, 2019, from Corrigan to Osborn Correctional Institution ("Osborn") on March 16, 2019, and from Osborn to CRCI, where he currently is confined, on March 19, 2019. *Id.* at 1-2; *see also* Transfer Summary, Defs.' Ex. 6, Attach. A, Doc. No. 57-6 at 6. During those transfers, Townsend alleges the defendants, or their agents, stole his personal property and/or "spread" it between several facilities in order to prevent him from accusing one specific person or facility of spoliating evidence. Mot. for TRO at 3-4. Such property included copies of e-mails from 2015 and 2016 and state police investigation reports related to the events giving rise to his amended complaint. *Id.* at 3. Townsend filed his own declaration in support of his motion. Pl.'s Decl., Doc. No. 42 at 8-12.

In their written objection and through their own affidavits, the defendants argue that they "had no knowledge or involvement in whatever circumstance[s] precipitated Townsend's transfer from [MWCI] to [Corrigan] on March 13, 2019." Defs.' Obj. to TRO at 3; Aff. of Captain Congelos, Doc No. 57-1, ¶ 6; Aff. of Captain Dougherty, Doc. No. 57-2, ¶ 14; Aff. of Officer Nemeth, Doc. No. 57-4, ¶ 6; Aff. of Officer Wales, Doc. No. 57-5, ¶ 6; Aff. of Officer Lorenzen, Doc. No. 59-1, ¶ 6. They affirm that the power to transfer Townsend lies with the Population Management Office, with which none of them is involved. Aff. of Captain Congelos ¶ 12; Aff. of Captain Dougherty ¶ 20; Aff. of Officer Nemeth ¶ 12; Aff. of Officer Wales ¶ 13; Aff. of Officer Lorenzen ¶ 12. The defendants also presented Townsend's personal property records from March 2019 and records of Freedom of Information ("FOI") requests made by Townsend in 2015 and 2016. Defs.' Ex. 6, Attach A, at 8-30; Defs.' Ex. 8, Doc. No. 57-8, at 2-

5

12. Based on their review of those records, the defendants contend that Townsend has failed to show irreparable harm in the absence of a restraining order or a likelihood of success on the merits. Defs.' Obj. to TRO at 6. The defendants have expressed their willingness to ask the FOI Unit to replace any specific information request Townsend claims is missing. *Id.* at 4.

Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365 (2008); *Johnson v. Newport Lorillard*, 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Johnson*, 2003 WL 169797, *1. Courts in this Circuit apply the same standard for motions seeking preliminary injunctions and those seeking temporary restraining orders. *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F. 2d 1224, 1228 (2d Cir. 1992).

A movant seeking preliminary injunctive relief must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984). With respect to the first prong, courts will presume that a movant has established irreparable harm in the absence of injunctive relief when the movant's claim involves the alleged deprivation of a constitutional right. *Jolly*, 76 F.3d at 482; *Mitchell*, 748 F.2d at 806. However, the likelihood of irreparable harm must be "actual and imminent,"

6

not speculative. *Lopez v. McEwan*, 2010 WL 326206, at *8 (D. Conn. Jan. 22, 2010) (quoting *New York v. Nuclear Regulator Comm'n*, 550 F.2d 745, 775 (2d Cir. 1977)).

Townsend has not satisfied his burden of showing irreparable harm in the absence of a restraining order or a likelihood of success on the merits of his claims. He has not provided any evidence other than his own declaration showing that the defendants have stolen his personal property or are directly involved in decisions to transfer him between facilities in an effort to prevent him from litigating this case. The record reflects that the defendants have made substantial efforts to comply with Townsend's discovery requests. Therefore, the motion for a temporary restraining order is **DENIED**. The defendants, however, shall cooperate with Townsend to find or replace all records lost during Townsend's transfers among facilities.

**ORDERS**

(1) Townsend's motion to compel, Doc. No. 37, is discovery is **DENIED without prejudice**. The deadline to complete discovery is hereby extended to 45 days from the date of this Order. No motions for extension of time will be granted absent a showing of good cause. All dispositive motions shall be filed by 75 days from the date of this Order.

(2) Townsend's motion for a temporary restraining order, Doc. No. 42, is **DENIED**.

(3) The defendants' motion for extension of time, Doc. No. 56, motion to add Officer Lorenzen's affidavit, Doc. No. 59, and motion to substitute Officer Kudzal's affidavit, Doc. No. 61, are **GRANTED**.

(4) Townsend's motion for default judgment, Doc. No. 60, is **DENIED as moot.**

(5) In the two years this case has been pending, Townsend has not identified

7

defendants John Doe 1 or John Doe 2. Accordingly, the clerk is directed to terminate those two individuals as defendants to this action.

So ordered.

Dated at Bridgeport, Connecticut, this 23d day of October 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge